IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HOLLY LOWRANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-663-WKW-TFM |
| ) | (WO) |
| BIBB COUNTY DHR, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Holly Lowrance in which she challenges the constitutionality of actions taken against her by the Bibb County DHR located in Centerville, Alabama. Specifically, Lowrance complains that the Bibb County DHR wrongfully failed to "provide[] me with any random drug screens that could have helped me regain custody of my children". (Doc. 1).

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.

**II. DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]").

The Bibb County DHR is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Lowrance complains occurred in the Northern District of Alabama.  Moreover, the facts set forth in the compliant indicate that the individuals named as defendants reside in the Northern District of Alabama.  Under these circumstances, the claims asserted by the plaintiff are beyond the venue of this court.  However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District for the Northern District of Alabama for review and disposition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).  It is further

ORDERED that on or before February 28, 2018, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 14th day of February, 2018.

\s\Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE